UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ELIAS ABDUL SHABAZZ,<br><br>       Defendant. | Case No. 2:25-cr-00369-SB-1<br><br><br>ORDER ON MOTIONS IN LIMINE [DKT. NOS. 102, 103, 105, 107] |

The government and Defendant Elias Abdul Shabazz filed seven joint motions in limine (JMILs).  The Court heard argument on several of them on June 9 and resolves them below.  The remaining motions (Dkt. Nos. 106, 108, 130) will be addressed in a separate order.  The parties are reminded that any ruling on a motion in limine is necessarily tentative, as "[t]he district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling."  *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

I.

The government's first JMIL (Dkt. No. 102) seeks to admit five categories of evidence from January 2020 to November 2021.  The evidence includes: (1) acts of violence toward or witnessed by the alleged victim; (2) Defendant's carrying of a firearm; (3) psychological abuse; (4) food and sleep deprivation of the alleged victim; and (5) the online posting of commercial sex advertisements.  According to the government, the evidence is "inextricably intertwined" with the charged conduct or is alternatively admissible under Federal Rule 404(b).[1]

---

[1] The government disclaimed reliance on Rule 404(b) during the hearing.

1

Evidence of other acts or wrongdoing is not admissible to prove character as a basis for suggesting that charged conduct was in conformity with that character. Fed. R. Evid. 404(b)(1).  Evidence of other acts is admissible, however, for purposes other than proving the defendant's character.  A court must find that the evidence "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged."  *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).  Such evidence may also be admitted if it is "inextricably intertwined" with the charged offense—i.e., if it (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (cleaned up).  Even if admissible, evidence may be excluded if its probative value is substantially outweighed by unfair prejudice or confusion.

The indictment charges Defendant with two sex-trafficking offenses.  *See* 18 U.S.C. § 1591 (trafficking by force, fraud, or coercion); *id.* § 2422(a) (inducing, enticing, or coercing an individual to engage in prostitution).  The government must prove—as an element—Defendant knew or recklessly disregarded the fact that "force, threats of force, fraud, coercion, or any combination" would be used to cause the alleged victim to engage in a commercial sex act.  Ninth Cir. Model Crim. Jury Instr. 20.25A.  As relevant here, "coercion" means "any scheme, plan, or pattern" intended to cause a person to believe that not performing a commercial sex act would result in "serious harm." 18 U.S.C. § 1591(e)(2); *see also id.* § 1591(e)(5) (serious harm includes both physical and nonphysical harm); *United States v. Dann*, 652 F.3d 1160, 1170 (9th Cir. 2011) (serious harm in a nearly identical statute includes psychological, financial, and reputational harm).

Defendant's conduct during the indictment period—May 2021 to October 2021—serves as the basis for the offense.  *See United States v. Webster*, No. 08-30311, 2011 WL 8478276, at *1–2 (9th Cir. Nov. 28, 2011) (fostering environment of fear through rape, beatings, and taking identification constituted coercion under § 1591).  Pre-indictment conduct from January 2020 to May 2021 also bears directly on an element and is relevant to explaining the nature of the relationship between Defendant and the alleged victim.  Thus, evidence that Defendant coerced the alleged victim during that period will be admitted, provided the government lays an adequate evidentiary foundation.  *See United States v. Long Andrews*, No. 23-2320, 2025 WL 1201431, at *1 (9th Cir. Apr. 25, 2025) (Section "1591 contains a knowledge requirement which can be satisfied by evidence that the

2

defendant used the same sex trafficking methods in the past."); *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004), *as amended on denial of reh'g* (July 23, 2004) (holding that testimony of a single percipient witness was sufficient). Without the pre-indictment conduct, the government could not present a coherent account of the relationship between Defendant and the alleged victim or the alleged coercive scheme.

The Court next considers whether the danger of unfair prejudice substantially outweighs the evidence's probative value under Rule 403. Fed. R. Evid. 403. Unfair prejudice refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Allen*, 341 F.3d 870, 888 (9th Cir. 2003). Here, the evidence is highly probative because it bears directly on an element of the offense—whether Defendant knew that force, threats of force, fraud, or coercion would be used to cause the victim to engage in a commercial sex act. That the evidence may be disturbing does not substantially diminish its probative value. As the Ninth Circuit has recognized, "other-act evidence in sex-crimes cases is often emotionally charged and inflammatory, and this does not control the Rule 403 analysis." *United States v. Cox*, 963 F.3d 915, 925 (9th Cir. 2020). Moreover, the challenged evidence concerns the same victim and substantially overlaps with the charged conduct, reducing the risk that the jury will view it as evidence of unrelated bad acts or criminal propensity.

The same is not true of the alleged conduct in November 2021. The government seeks to introduce evidence that Defendant sexually assaulted, urinated on, and stole from the alleged victim. That evidence appears to be unfairly prejudicial, cumulative, and of limited probative value. The government already intends to introduce evidence of sexual assaults prior to and during the indictment period. Evidence of additional misconduct months later adds little to the issues the jury must decide. By contrast, allegations that Defendant urinated on and stole from the alleged victim carry a substantial risk of inflaming the jury and encouraging a verdict based on emotion rather than the evidence. On balance, the danger of unfair prejudice substantially outweighs any incremental probative value. Accordingly, the November 2021 conduct is inadmissible under Rule 403.

Before concluding, the Court briefly addresses an additional argument the government raises in its third JMIL (Dkt. No. 105). The government separately moved to admit the November 2021 sexual assault under Rule 413. Fed. R. Evid. 413. The Court has serious doubts that Rule 413 applies here. Rule 413 permits evidence of a sexual assault when a defendant is "accused of a sexual assault" in

3

the case being tried. *Id.* Defendant, however, is charged with sex trafficking, not sexual assault. While evidence of sexual assault may be relevant to proving coercion, Rule 413 is directed at propensity evidence—namely, a defendant's propensity to commit another sexual assault. *See United States v. Redlightning*, 624 F.3d 1090, 1119 (9th Cir. 2010). It is therefore far from clear that Rule 413 extends to the circumstances presented here. The Court need not resolve that question, however, because even assuming Rule 413 applies, the evidence would remain subject to exclusion under Rule 403 for the reasons discussed above.

## II.

The government seeks to admit rap songs and lyrics in its second JMIL (Dkt. No. 103), arguing that the evidence is not hearsay and is highly probative. The Court agrees the evidence is admissible.

Hearsay is an out-of-court statement offered to "prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). But a party's own statements, when offered against that party, are not hearsay. *Id.* 801(d)(2)(A). Here, the government offers songs and lyrics against Defendant and provides a sufficient basis to conclude that the songs contain his own statements. *See* Dkt. 103 at 4 (voice identification and links to financial records). The songs and lyrics are therefore admissible under Rule 801(d)(2)(A).

Defendant nonetheless argues that the evidence is unfairly prejudicial. The Court acknowledges those concerns but concludes that the risk of unfair prejudice does not substantially outweigh the evidence's probative value. The government does not seek to introduce the songs or lyrics wholesale. Rather, it seeks to introduce selected portions that directly relate to the charged conduct, the alleged victim, and Defendant's role. As the Fifth Circuit has observed, rap lyrics and songs are most probative when the defendant performs them, they describe events closely related to the charged conduct, and they are not cumulative. *United States v. Sims*, 11 F.4th 315, 323 (5th Cir. 2021). To the extent the lyrics contain Defendant's own statements about the charged conduct, those statements are not rendered inadmissible merely because they were made in a song rather than in another medium. *See United States v. Brown*, 800 F. App'x 455, 460 (9th Cir. 2020) (finding no error in admitting rap music promoting pimping and prostitution in a sex-trafficking prosecution).

4

III.

Defendant's second JMIL (Dkt. No. 107) seeks to preclude the government and its witnesses from referring to the complaining witness as a "victim." The government may refer to the complaining witness as a "victim" in opening statements and closing arguments, but during the presentation of evidence, the government and its witnesses shall refer to the complaining witness by her name.[2] *See United States v. Gaviola*, No. 1:22-cr-00233, 2025 WL 2718763, at *6 (E.D. Cal. Sep. 24, 2025) (similar solution); *United States v. Moffit*, 588 F. Supp. 3d 1106, 1117 (D. Idaho 2022) (lack of authority that use of "victim" violated constitutional rights).

Date: June 15, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The government may coordinate with the court reporter to ensure that references to the complaining witness's full name are reflected by initials in the transcript.

5