Winston Kevin McKesson (SBN 106068)
Law Office of Winston K. McKesson
6080 Center Drive, Ste. 652
Los Angeles, California 90045-1540
T: 310-242-5889

Attorney for Defendant ELIAS ABDUL SHABAZZ

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIAS ABDUL SHABAZZ,<br>Defendant. | Case No. 2:25-cr-00369-SB<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING POSITION ADDRESSING THE GOVERNMENT'S POSITION** |

Defendant, Elias Abdul Shabazz ("Shabazz"), hereby provides this supplement to his original sentencing position. The supplement is meant to address the points made in the Government's sentencing position.

**ARGUMENTS**

## I. FACTUAL INACCURACIES PRESENTED IN THE GOVERNMENT'S POSITION.

At this section of the response, Shabazz will point out factual conclusions which were not proven or necessary for to the juries finding of guilty on COUNT 1 and NOT GUILTY on COUNT 2.

A. Shabazz denies the Government's assertion that "THE DEFENDANT SHOWERED HER WITH GIFTS AND SLOWLY ISOLATED HER FROM HER FRIENDS."

B. Shabazz denies the Government's assertion that "HE RAPED HER."

C. Shabazz denies the Government's assertion that "THE DEFENDANT ASKED THE VICTIM A LOT OF QUESTIONS ABOUT HER BACKGROUND AND UPBRINGING : THUS, THE VICTIM SHARED MANY PERSONAL DETAILS OF HER LIFE." In reality, the victim shared these details on her own without prodding. She only shared certain information with Shabazz once the two were deep into the relationship.

D. Shabazz denies the Government's assertion that "UPON HEARING THIS, THE DEFENDANT BLAMED HER FOR THE SEXUAL ABUSE SAYING THAT NO MAN WOULD HAVE HAD SEX WITH A 3-YEAR OLD UNLESS THE CHILD WAS SEXUALIZED ALREADY AND ENCOURAGED THE BEHAVIOR."

E. Shabazz denies the Government's assertion that "THE DEFENDANT COACHED THE VICTIM ON COMMERCIAL SEX WORK." The truth is the victim engaged in commercial sex work prior to meeting Shabazz. The fact is she was the one experienced in commercial sex work and actually educated Shabazz. The pre-trial ruling prevented the defense from cross-examining on this issue.

F. Shabazz denies the Government's assertion that "HE INTRODUCED THE VICTIM TO DRUGS AND ALCOHOL."

G. Shabazz denies the Government's assertion that "HE TOLD HER THAT SHE WOULD HAVE TO SELL SEX AGAIN AFTER BEING FIRED."

H. Shabazz denies the Government's assertion that he "PUT DRUGS IN HER DRINK AT ANY TIME."

I. Shabazz denies the Government's assertion that he "TAUGHT HER TO SOLICIT SEX BUYERS IN THE CASINOS." As well as the assertion "THAT HE COLLECTED AND KEPT ALL THE MONEY THE VICTIM MADE FROM COMMERCIAL SEX WORK."

J. Shabazz denies the Government's assertion that he controlled the victim, took her phone, prevented her from using her phone, controlled who she has contact with [INCLUDING FRIENDS OR FAMILY ], withheld food, battered her,  insulted her, and had anything to do with the victim posting commercial adds.

K. Shabazz denies the Government's assertion that "THE VICTIM TURNED OVER TO THE DEFENDANT $16,000.00 DOLLARS FROM COMMERCIAL SEX WORK."

L. Shabazz denies the Government's assertion that "HE PERSUADED THE VICTIM TO TRAVEL TO CALIFORNIA WITH A SECRET AGENDA THAT SHE PERFORM SEX WORK. NOR DID HE FORCE OR PERSUADE HER TO PERFORM SEX WORK IN CALIFORNIA."

M. Shabazz denies the Government's assertion that he "PISTOL WHIPPED, HIT OR SODOMIZED THE DEFENDANT. NOR WAS HE VIOLENT TOWARDS HER IN FRONT OF OTHERS."

M. Shabazz denies the Government's assertion that he ever "COMMITTED A ROBBERY IN THE VICTIMS PRESENCE OR CARRIED A REAL GUN IN THE VICTIM'S PRESENCE."

## II. ADDITIONAL REASONS FOR DOWNWARD DEPARTURE AND/OR A LESSER SENTENCE.

When considering, the facts that:

A. Shabazz has no criminal history;

B. Shabazz has no other reported complaints of force or violence;

C. Shabazz has no complaints of criminal conduct;

D. Shabazz was acquitted of count 2. For this fact it is important to note that the elements and conduct of count 2 were very similar to count 1; and

E. There were no direct witnesses or video to support the victim's assertions.

Not only do these factors support a lower sentence but they also bring into question the entire case, which has been addressed in Shabazz's previously filed motion.

## CONCLUSION

Based on the arguments made in Shabazz's original position, this supplemental, and, if necessary, those that will be made at the hearing, Shabazz maintains and requests that any sentence given be the lowest allowed by law.

Dated: September 24, 2026

Respectfully submitted,

W

Winston Kevin McKesson, Esq.
Counsel for Defendant

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I hereby certify that on September 24, 2026, I electronically filed DEFENDANT'S SUPPLEMENTAL SENTENCING POSITION ADDRESSING THE GOVERNMENT'S POSITION with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record.

Executed on September 24, 2026, at Los Angeles, California.

Signature
Winston K. McKesson
Print Name